## A05A1214. TODD v. THE STATE.
### (620 SE2d 666)

BERNES, Judge.

A Lowndes County jury convicted Jerry Wayne Todd of one count of armed robbery and one count of possession of a knife during the commission of a crime. Todd appeals from the denial of his motion for a new trial, arguing that (1) the trial court erred in denying his motion to suppress; (2) the trial court erred in failing to remove a juror or declare a mistrial when the juror disclosed during trial that she knew the victim; (3) there was insufficient evidence to convict him; and (4) he received ineffective assistance of counsel.[1] We affirm.

---

[1] Todd filed his original notice of appeal on November 5, 2002. Thereafter, Todd informed

Viewed in the light most favorable to the verdict, the evidence adduced at trial shows that on the night of March 19, 2002, a white male wearing a dirty white thermal tee shirt and cap entered the Swifty Mart convenience store on three separate occasions during a thirty-minute period. He had a distinctive round mark or scar underneath his eye. The cashier on duty later identified him at trial as defendant Todd.

The third time Todd entered the store, he approached the cashier and placed a can of beer on the counter in front of her. When the cashier started to ring up the beer on the cash register, Todd stopped her and said, "No, ma'am, don't ring it up. I want all your money." As Todd again told the cashier that he wanted all the money, he pulled out a knife and pointed it at her. The cashier gave Todd between $50 and $60. Todd then grabbed the beer and fled from the store.

Less than two hours later, law enforcement officers with the Lowndes County Sheriff's Department apprehended Todd in a nearby mobile home of one of his friends, which was less than 100 yards from where one of the officers found the discarded knife described by the cashier. When the officers first arrived at the mobile home, one of them could see Todd through a window as he walked out of a hallway into the living room. Todd was wearing the dirty white tee shirt and cap and carrying a can of beer. When the officers knocked, Todd dropped to the floor and crawled back down the hallway. After the officers entered the mobile home, Todd came out of a back bedroom wearing different clothing. The officers arrested Todd, and as they did so, they noticed the white shirt, cap, and beer can stashed in the hallway.

1. Todd contends that the trial court erred by not suppressing the white thermal tee shirt, cap, and beer can because these items were purportedly seized as part of an invalid search of the mobile home. Todd acknowledges that the law enforcement officers who entered the mobile home had a valid warrant for his arrest based on a probation violation. However, he argues that because he was arrested in the mobile home of a friend, the law enforcement officers also were required to have a search warrant before they could enter the home or seize any items located on the premises. See *Steagald v. United States*, 451 U. S. 204, 212-215 (101 SC 1642, 68 LE2d 38) (1981).

his appellate counsel (who also had served as his trial counsel) that he wanted to assert an ineffective assistance of counsel claim. Counsel then moved to withdraw from representing Todd on appeal. We remanded the case to the trial court to rule on the withdrawal issue and, if necessary, appoint new counsel and rule on the ineffective assistance of counsel claim. After appointing Todd new counsel and conducting an evidentiary hearing, the trial court found no evidence of ineffective assistance and again denied Todd's motion for a new trial. Todd filed a new notice of appeal on December 22, 2004, this time including in his appeal a challenge to the trial court's ruling on his ineffective assistance claim.

We conclude that the trial court properly denied Todd's motion to suppress because Todd lacked standing to challenge the search.

> A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. The burden is on the one claiming a violation of Fourth Amendment rights to demonstrate that he has standing to contest such violation, i.e., that he has a legitimate expectation of privacy in the premises searched.

(Citations and punctuation omitted.) *Atwater v. State*, 233 Ga. App. 339, 340 (2) (503 SE2d 919) (1998). See also *Brown v. State*, 240 Ga. App. 321, 322 (1) (523 SE2d 333) (1999).

Todd has conceded on appeal that the mobile home was owned by a friend. Furthermore, Todd failed to come forward with any evidence that would suggest that he otherwise had a legitimate expectation of privacy in the mobile home. Accordingly, the trial court properly denied Todd's motion to suppress.

2. In several related claims of error, Todd argues that the trial court erred in denying his new trial motion because one of the jurors failed to disclose during voir dire that she knew the victim in this case — the Swifty Mart cashier. The record reflects that during the State's direct examination of the cashier, one of the female jurors volunteered for the first time to the trial court that the cashier used to work for her. She had hired the cashier to work at her clothing store "six or seven years ago," and the cashier had worked at the store for "maybe a month or two," although the juror could not remember for sure. Nor could the juror remember whether the cashier had quit or been fired. The juror told the trial court that she had not previously disclosed the relationship because she "didn't know who you were talking about" and did not recognize the cashier "when you said the name earlier." The juror also unequivocally stated that she could remain fair and impartial and would not favor one side over the other. The trial court subsequently declined to grant a mistrial or replace the juror with an alternate.

To obtain a new trial when a juror gives an inaccurate response during voir dire, "a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." (Citation and punctuation omitted; emphasis in original.) *Grogan v. State*, 230 Ga. App. 876, 878 (497 SE2d 589) (1998). Todd can make neither showing based on the record in this case.

First, the record reflects that the juror did not recognize the name of the cashier when questioned during voir dire, but recognized the cashier once she entered the courtroom and took the stand. Thus, the juror's failure to disclose her relationship with the cashier was based on a mistake, not dishonesty. The juror merely failed to recognize the name of someone who had worked for her many years ago and only for a short time period.

Second, Todd cannot show that a correct response by the juror during voir dire would have provided a valid basis for a challenge for cause. "Merely knowing the victim is not a sufficient ground to strike a juror for cause." (Citation omitted.) *Brumelow v. State*, 239 Ga. App. 119, 121 (2) (520 SE2d 776) (1999). See also *Munn v. State*, 208 Ga. App. 674 (1) (431 SE2d 447) (1993). This is particularly true, where, as here, the juror's relationship with the victim was minimal and ended several years before; the juror could remember very little about the victim or the relationship, including the victim's own name; and the juror never expressed any bias for or against the victim, instead steadfastly maintaining that she could be fair and impartial in hearing the case. See *Munn*, 208 Ga. App. at 674 (1). Accordingly, the trial court did not err by denying Todd a new trial on this ground.

3. Todd complains that there was insufficient evidence to sustain his conviction on both counts. In reviewing a sufficiency of the evidence claim, we view the evidence in the light most favorable to the verdict. *Green v. State*, 244 Ga. App. 565-566 (1) (536 SE2d 240) (2000). "As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the factfinder's verdict." (Citation and punctuation omitted.) *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

With these principles in mind, and after reviewing the evidence of record, we conclude that any rational trier of fact could have found Todd guilty beyond a reasonable doubt of armed robbery and possession of a knife during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). At trial, the cashier testified concerning the robbery and positively identified Todd as the perpetrator who brandished the knife at her. She also identified the white thermal tee shirt and cap taken from the mobile home by the law enforcement officers as the items worn by Todd during the robbery. In addition to the eyewitness testimony of the cashier, the State introduced a videotape of the robbery taken from the convenience store and played it to the jury. Finally, the State presented the testimony of Lowndes County law enforcement officers involved in the apprehension of Todd at the mobile home and in the discovery of

the discarded knife.[2] This evidence clearly was sufficient to authorize the jury to convict Todd of the charged offenses.

4. In two final related enumerations of error, Todd contends that he received ineffective assistance from his trial counsel. Specifically, Todd alleges his counsel was ineffective for failing to present alibi witnesses and for refusing to allow Todd to testify on his own behalf.

> [I]n order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.

(Citations omitted.) *Robinson v. State*, 278 Ga. 31, 34 (3) (597 SE2d 386) (2004).

At the hearing on the motion for new trial, Todd's trial counsel testified that he discussed potential alibi witnesses with Todd and attempted to contact and interview those witnesses. However, he was unable to locate any witnesses who could provide Todd with an alibi at the time of the robbery. As such, he made the decision not to call any witnesses on Todd's behalf, since their testimony only "would make it look worse," given their inability to account for Todd's whereabouts at the time of the robbery. Therefore, the record makes clear that trial counsel's decision not to raise an alibi defense was a matter of trial strategy, not inadequate preparation or presentation, and thus cannot serve as grounds for a viable ineffective assistance claim. See *Sutton v. State*, 261 Ga. App. 860, 863-864 (2) (a) (583 SE2d 897) (2003); *Phillips v. State*, 233 Ga. App. 557, 558-559 (504 SE2d 762) (1998). Furthermore, Todd failed to present any witnesses other than trial counsel at the motion for new trial hearing. Thus, "it is impossible for [Todd] to show there is a reasonable probability the results of the proceedings would have been different had trial counsel called [the alleged alibi] witnesses." (Punctuation and footnote omitted.) *Jividen v. State*, 256 Ga. App. 642, 645 (1) (a) (569 SE2d 589) (2002).

As to Todd's claim that his trial counsel refused to allow him to testify, trial counsel testified that he discussed with Todd whether he should testify and informed him that the decision of whether to testify

---

[2] Evidence of furtive gestures by a defendant upon the approach of law enforcement can serve as circumstantial evidence of guilt. See *Castillo v. State*, 232 Ga. App. 354, 356-357 (502 SE2d 261) (1998). As previously noted, the State presented testimony that Todd fell to the floor and crawled down the hallway of the mobile home upon the approach of law enforcement. As in *Castillo*, this testimony of furtive conduct by the defendant could serve as additional circumstantial evidence of his guilt.

ultimately rested with Todd. Trial counsel further testified that after discussing with Todd whether he should testify, Todd decided not to do so. Finally, trial counsel explained that it would not have been in Todd's best interest to testify because "the facts that he gave me and the time schedule that he gave me put him in the vicinity of the crime at the time." Trial counsel's testimony went unrebutted. Todd thus has failed to establish that his counsel prevented him from testifying on his own behalf, and he "cannot complain of his own election to follow the reasonable tactical advice of his lawyer." (Citation omitted.) *Doctor v. State*, 275 Ga. 612, 615 (5) (d) (571 SE2d 347) (2002). See also *Moody v. State*, 277 Ga. 676, 681 (6) (e) (594 SE2d 350) (2004). It follows that his claim of ineffective assistance of counsel is without merit.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 9, 2005.

*Jason C. Cain*, for appellant.
*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.