A06A1688. BOATWRIGHT v. THE STATE.
(636 SE2d 719)

JOHNSON, Presiding Judge.

A jury found Damien Boatwright guilty of robbery by intimidation, possession of a firearm during the commission of a felony and aggravated assault with a deadly weapon. Boatwright appeals, challenging the sufficiency of the evidence and alleging his trial counsel was ineffective for failing to call an alibi witness. We find no error and affirm Boatwright's convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] The determination of witness credibility issues, including the accuracy of eyewitness identification, is within the exclusive province of the jury.[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

---

[1] *Polite v. State*, 273 Ga. App. 235 (1) (614 SE2d 849) (2005).

[2] *Jones v. State*, 214 Ga. App. 788, 789 (449 SE2d 330) (1994).

[3] *Polite*, supra at 236.

Viewed in that light, the evidence shows that the victim was walking toward a shopping mall when Boatwright approached her and demanded she "give up that purse." When the victim ignored Boatwright and kept walking, he threatened her with a gun and told her he would use it. Feeling that her life was in danger, the victim started running. Boatwright chased her and snatched her purse.

Two witnesses chased Boatwright, who had the purse in his hand, across a street and to an abandoned house. The victim's purse, with a broken strap, was later located behind this abandoned house. One of the witnesses testified that he got the tag number of the vehicle in which Boatwright had driven off. He also identified Boatwright in court as the man with the purse. Police traced the vehicle to Boatwright's mother.

When police arrived at the scene, the victim gave them a description of the robber and the gun. Boatwright fit the victim's description of the robber. In addition, two days after the incident, the victim immediately identified Boatwright in a photographic lineup as the man who had taken her purse. At trial, the victim testified that she was 100 percent certain Boatwright was the robber.

Boatwright argues that the victim's and the witnesses' identifications were tainted. However, even if a pretrial identification is tainted, an in-court identification is admissible if it does not depend on the prior identification, but has an independent origin.[4] Here, the victim testified in court that she was 100 percent certain Boatwright was the robber and that her identification of Boatwright was based on recognizing him from the incident. Likewise, the witness testified that he was certain Boatwright was the man running with the gun on the day of the incident. Thus, even assuming that the procedures of which Boatwright complains were improperly suggestive, the victim's and the witnesses' in-court identifications were admissible because they were based on their independent recollections of the incident. The evidence was sufficient for a rational trier of fact to find Boatwright guilty beyond a reasonable doubt of the crimes charged.

2. Boatwright contends he was denied effective assistance of trial counsel because trial counsel failed to present testimony from an alibi witness. However, at the motion for new trial hearing, Boatwright failed to present any evidence regarding the substance of the alibi witness' testimony. Because Boatwright failed to call this witness, or otherwise prove what this witness would have testified to, at the motion for new trial hearing, he has not met his burden of showing there is a reasonable probability the result of the proceedings would

---

[4] *Green v. State*, 279 Ga. 455, 459 (4) (614 SE2d 751) (2005).

have been different had trial counsel called the alleged alibi witness.[5] The trial court did not clearly err in refusing to grant Boatwright's motion for new trial on this ground.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED SEPTEMBER 13, 2006.

*Patrick G. Longhi*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[5] *Todd v. State*, 275 Ga. App. 459, 463 (4) (620 SE2d 666) (2005).