## A10A1203. MILLER v. THE STATE.
### (700 SE2d 617)

PHIPPS, Presiding Judge.

Following a jury trial, Twane Tali Miller was convicted of armed robbery. He appeals, contending that he received ineffective assistance of counsel. Finding no merit in this claim of error, we affirm.

The evidence showed that around 9:00 a.m. on July 2, 2008, a man entered a convenience store and asked to purchase two money orders. After the store clerk prepared the money orders, the man "walked towards [her] and then he held . . . a knife towards [her] neck, took the money order[s] and [ran] out." Shortly thereafter, Miller cashed two money orders at a nearby check cashing store. Law enforcement officers showed the convenience store clerk a photograph of Miller, and the clerk identified him as the man who had taken the money orders at knifepoint. They searched Miller's apartment and discovered a knife that the store clerk identified as the weapon used in the robbery.

Miller was taken into custody and, after being read his *Miranda* rights, he admitted to taking the money orders and cashing them, but he denied having used a knife. At trial, however, Miller testified that, the morning of July 2, a neighbor whom he knew by the nickname "Country" asked him to cash some money orders for him,

---

and he did. He denied being the person who took the money orders from the store clerk.

In his motion for new trial, Miller argued that his trial counsel provided ineffective assistance by failing to offer an alibi defense or produce witnesses supporting this defense at trial. At the hearing on this motion, however, Miller's appellate counsel argued instead that trial counsel was ineffective because he did not provide Miller with a realistic assessment of his likelihood of prevailing so that Miller could decide whether to accept a plea bargain or proceed to trial. The trial court found that Miller "was adequately advised of the status of this case, the consequences of going forward with his case," and it denied the motion for new trial.

On appeal, Miller contends that trial counsel provided ineffective assistance in several respects: by presenting inconsistent theories of defense, which did not directly rebut the state's case; by failing to request a charge on theft by taking as a lesser included offense of armed robbery; by advising him to try the case rather than accept a plea bargain; and by failing to call a witness to establish an alibi defense.

1. Miller's contentions regarding the allegedly inconsistent defense theories and the lack of a charge on a lesser included offense were not presented to the trial court as bases for the claim of ineffective assistance of counsel, and the trial court did not rule on them. In the absence of any such ruling, these contentions are not before us to review and are deemed waived.[1]

2. We find no merit in Miller's remaining arguments that he received ineffective assistance of counsel.

> A criminal defendant asserting an ineffective assistance of counsel claim bears the burden of showing (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense by creating a reasonable probability that but for counsel's errors, the outcome of the trial would have been different.[2]

On appeal, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[3]

(a) Miller has not met his burden of showing either requirement for a finding of ineffective assistance of counsel in connection with

---

[1] *Nichols v. State*, 285 Ga. 784, 785 (2) (a) (683 SE2d 610) (2009).

[2] *Dyer v. State*, 295 Ga. App. 495, 498 (1) (672 SE2d 462) (2009) (citation and punctuation omitted).

[3] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

his counsel's advice concerning an offered plea bargain. The evidence presented at the hearing on the motion for new trial showed that Miller met with counsel several times prior to trial, that he discussed with counsel the facts of his case, that counsel explained to him the problems his custodial statement posed for his defense, and that counsel set forth the potential sentence Miller could expect if found guilty of armed robbery. Trial counsel testified that he asked Miller if he wanted to "plead guilty to armed robbery for ten to serve," which was the state's offer, and that Miller said he wanted to go forward with the trial. And Miller testified that he had known before trial that the court had ruled his custodial statement to be admissible, and that his counsel had informed him that, with the admission of the statement into evidence, "if we went to trial, [the charge] wasn't beatable. . . . [I]f it wasn't beatable, I would have to do the whole sentence. . . . [I]f it wasn't ten years, I could get more than that and I would have to do the whole time." After receiving this advice, Miller told counsel that he still wanted to proceed to trial.

This evidence authorized the trial court to find that counsel's representation of Miller in connection with the offered plea bargain was not deficient.[4] Moreover, nothing in the record showed that Miller was amenable to the state's plea bargain offer, as required for Miller to demonstrate that he was prejudiced by counsel's representation.[5]

(b) Likewise, Miller has not met his burden of showing either requirement for a finding of ineffective assistance of counsel in connection with counsel's failure to procure a witness in support of what he characterizes as an alibi defense. The witness at issue was Miller's neighbor, "Country," whom he asserted gave him the stolen money orders. Trial counsel testified that he did not attempt to find this witness because, among other reasons, Miller did not provide him with a last name. Miller "did not produce any evidence to establish that a competent attorney exercising reasonable diligence under the same circumstances would have been able to locate [the witness]," and thus failed to carry his burden of proving that counsel's efforts in this regard were deficient.[6] Moreover, no evidence

---

[4] See *Lloyd v. State*, 258 Ga. 645, 647-648 (2) (a) (373 SE2d 1) (1988) (to show deficient performance, appellant must show that counsel's representation fell below objective standard of reasonableness; in the context of an offered plea bargain, objective professional standards dictate that a defendant be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him); *Johnson v. State*, 301 Ga. App. 423, 424 (687 SE2d 663) (2009) (same).

[5] See *Cleveland v. State*, 285 Ga. 142, 145-146 (674 SE2d 289) (2009).

[6] *Varner v. State*, 285 Ga. 300, 302 (3) (b) (676 SE2d 189) (2009) (citation omitted). In fact, Miller's post-conviction counsel stated at the motion for new trial hearing that he also did not attempt to locate "Country" because "you're going to need more than just a street name in order to try to find somebody."

was presented as to what testimony "Country" would have given at trial. Without such evidence, Miller also did not meet his burden of showing a reasonable probability that the result of the proceedings would have been different had counsel called this witness at trial.[7]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

## DECIDED AUGUST 19, 2010.

*Leon Hicks*, for appellant.

*Tracy Graham-Lawson, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.

---

[7] See *Boatwright v. State*, 281 Ga. App. 560, 561-562 (2) (636 SE2d 719) (2006); see also *McIlwain v. State*, 287 Ga. 115, 118 (5) (694 SE2d 657) (2010) (where alleged alibi witnesses did not testify at motion for new trial hearing, appellant failed to show that their testimony would have been relevant and favorable, and thus did not demonstrate that counsel's performance was constitutionally flawed).