## A11A0530. DANIELS v. THE STATE.
(714 SE2d 91)

MILLER, Presiding Judge.

Following a jury trial, Vandy Mack Daniels was convicted of armed robbery (OCGA § 16-8-41), aggravated assault (OCGA § 16-5-21), and possession of a firearm during the commission of a crime (OCGA § 16-11-106). The trial court denied Daniels's motion for new trial. Daniels appeals, asserting that the trial court erred: (i) in failing to direct a verdict of acquittal; (ii) in failing to include a complete instruction on simple assault when defining the crime of aggravated assault; and (iii) in failing to merge the aggravated assault offense with the armed robbery offense for sentencing purposes. Finally, Daniels contends that he was not afforded reasonably effective assistance of counsel. We agree that the trial court's failure to merge the aggravated assault conviction with Daniels's armed robbery conviction in imposing the sentence was erroneous, and we therefore vacate the aggravated assault conviction and remand the case for resentencing. The remaining claims of error, however, are without merit and we affirm on those grounds.

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307, 318-319 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that on March 7, 2006, Daniels, who was wearing a dark mask with aluminum foil underneath entered a convenience store, pointed a gun at the store clerk behind the counter, and demanded money. A second store employee was also present behind the counter with the store clerk at the time of the robbery. While the store clerk was gathering money from the cash registers, Daniels pulled the trigger of his gun three or four times. Each time, however, Daniels's weapon misfired. The store clerk put the cash into Daniels's bank bag. After Daniels obtained the cash, he told the clerk to turn around and put her hands up, at which point Daniels ran out the front door of the convenience store.

At approximately the same time Daniels ran from the convenience store, a third employee, who had been unaware of the robbery, came out from the back room where he had been working. When the third employee was informed that the store had been robbed, he ran from the store, pursuing Daniels on foot. The store clerk thereafter called the police to report the robbery. While en route to the convenience store, the police were informed that a store employee was pursuing Daniels; they subsequently changed course and went directly to the area to which Daniels had fled.

Approximately seven police officers coordinated their efforts in order to locate Daniels. The officers saw Daniels running out of the nearby woods and apprehended Daniels after he was knocked down by a "concerned citizen." During Daniels's arrest, the officers

recovered a gun with four empty cartridges and one loaded cartridge; a mask with cutout eye holes and tinfoil; and a bank bag containing cash, all of which were lying next to him on the ground.

Daniels was tried before a jury on February 19, 2007. The jury returned a verdict finding Daniels guilty of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. At his June 1, 2007 sentencing hearing, Daniels was sentenced to life imprisonment without possibility of parole for armed robbery in accordance with this State's recidivist statute; twenty consecutive years for aggravated assault; and five consecutive years for possession of a firearm during the commission of a crime. The trial court granted Daniels's request to file an out-of-time motion for a new trial.[1] Following a hearing, the trial court denied Daniels's motion for new trial on the merits. The instant notice of appeal followed.

1. On appeal, Daniels first contends that the trial court erred in denying his motion for a directed verdict of acquittal because there was no in-court identification of Daniels as the person who was apprehended shortly after the armed robbery. We disagree.

> The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson*[, supra, 443 U. S. 307], the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, [and] the challenge arises from the overruling of a motion for directed verdict. . . .

(Citations and punctuation omitted.) *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). Thus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, supra, 443 U. S. at 319 (III) (B).

Here, contrary to Daniels's assertion otherwise, the testimony of the arresting officer positively identified Daniels in court as the same person who was arrested and charged for the crimes of armed

---

[1] "[T]he grant of an out-of-time appeal constitutes permission to pursue the post conviction remedy of a new trial. . . . In this respect, the grant of an out-of-time appeal is the functional equivalent of the entry of a judgment." *Garcia v. State*, 275 Ga. App. 405, 405-406 (620 SE2d 624) (2005). Moreover, "when a motion for new trial . . . has been filed, the notice [of appeal] shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a).

robbery, aggravated assault, and possession of a firearm during the commission of a crime:

Q. . . . [D]id you help to arrest the offender?
A. Yes, sir, I did.
Q. And was that the defendant Vandy Mack Daniels?
A. Yes, sir, it was him. I placed the handcuffs on him.

Daniels nevertheless argues that none of the testifying witnesses directly identified Daniels as the masked perpetrator who robbed the convenience store. In-court identification, however, was not the only way for the State to prove that Daniels was the person who committed the crimes. *Pierce v. State*, 251 Ga. App. 600, 602 (1) (554 SE2d 787) (2001). Indeed, the State can connect a defendant to a crime utilizing evidence which is entirely circumstantial. When the State does so, however, such circumstantial

> evidence must be so strong as to exclude every other reasonable hypothesis save that of the guilt of the accused. But it need not exclude every *conceivable* inference or hypothesis — only those that are reasonable. Whether every reasonable hypothesis except that of the guilt of the defendant has been excluded is a question for the jury. Where the jury determines the evidence excluded every reasonable hypothesis save that of guilt, such a finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

(Footnote omitted.) *Hart v. State*, 305 Ga. App. 259, 262 (1) (a) (699 SE2d 445) (2010).

Here, Daniels matched the description of the perpetrator given by both the clerk and the other store employee behind the counter. Moreover, when Daniels was apprehended from the woods in the nearby area, the officer recovered next to his person the contraband and instrumentalities used in the commission of the robbery, including the dark-colored mask with tinfoil, a bank bag containing stolen money, and a handgun. This evidence of the circumstances was sufficient to establish Daniels's identity as the perpetrator and his guilt of the charged offenses. Accord *Hart*, supra, 305 Ga. App. at 262 (1) (a); *Mullins v. State*, 267 Ga. App. 393, 395 (1) (a) (599 SE2d 340) (2004).

2. Daniels contends that the trial court's jury charge was incomplete as to aggravated assault because the charge did not fully define, simple assault as an essential element of the offense of

aggravated assault.[2] We disagree.

> In reviewing an allegedly erroneous jury instruction, we apply the plain legal error standard of review. A jury charge must be considered as a whole and the parts read in conjunction with each other. Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence.

(Citation, punctuation and footnote omitted.) *Pincherli v. State*, 295 Ga. App. 408, 413-414 (3) (671 SE2d 891) (2008).

> Trial courts should tailor their charges to match the allegations of indictments, either by charging only the relevant portions of the applicable Code sections or by giving a limiting instruction that directs the jury to consider only whether the crimes were committed in the manner alleged in the indictment.

(Citation omitted.) *Braley v. State*, 276 Ga. 47, 53 (31) (572 SE2d 583) (2002).

The indictment in this case charged Daniels with aggravated assault by committing the underlying assault on the victim with a handgun, a deadly weapon. See OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."). This count of the indictment further specified the manner in which Daniels was alleged to have committed the underlying assault — "by pointing said handgun at the victim and repeatedly pulling the gun's trigger *in an attempt to shoot said victim*." (Emphasis supplied.) At trial, the court charged

---

[2] The record in this case reflects that after the jury retired to elect a foreperson, the trial court asked for exceptions to the charges and Daniels's trial counsel reserved his objections. At the time of Daniels's February 2007 trial, trial counsel's reservation of objections was procedurally sufficient to preserve error with regard to jury instructions in criminal cases. See *Loadholt v. State*, 286 Ga. 402, 404 (3) (687 SE2d 824) (2010). Thus, trial counsel was not required to "inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate," as is now required by OCGA § 17-8-58 (a). See id. at 405 (3), n. 3 ("The law with respect to the preservation of error with regard to jury instructions in criminal cases changed with the enactment of OCGA § 17-8-58, effective July 1, 2007.").

the jury as follows:

> Count two of the indictment charges Mr. Daniels with aggravated assault. Georgia law provides as follows, a person commits the offense of aggravated assault when he assaults another person with a deadly weapon. To constitute such an assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show[ ] . . . beyond a reasonable doubt that the *defendant attempted to cause a violent injury to the alleged victim*. The State must also prove as a material element of aggravated assault in this case that the assault was made with a deadly weapon.

(Emphasis supplied.)

Daniels contends that this charge was incomplete because it failed to instruct the jury that, in addition to "attempting to commit a violent injury," assault can also be committed by "placing another in reasonable apprehension of immediately receiving a violent injury." As Daniels correctly points out, "central to the offense of aggravated assault is that an assault as defined in OCGA § 16-5-20 be committed on the victim." (Citation omitted.) *Brinson v. State*, 272 Ga. 345, 347 (1) (529 SE2d 129) (2000). He is also correct in his assertion that under OCGA § 16-5-20, a person commits assault by: "(1) [a]ttempt[ing] to commit a violent injury to the person of another; or (2) [c]ommit[ting] an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2). Daniels is incorrect, however, insofar as he argues that the trial court erred when it charged the jury with only the first subsection of OCGA § 16-5-20 (a).

To the contrary, the trial court did as it was required and delivered a charge tailored to the indictment. See *West v. State*, 270 Ga. App. 71, 74 (1) (606 SE2d 100) (2004) ("[T]he trial court has the duty to deliver charges tailored to the indictment and adjusted to the evidence.") (citations and punctuation omitted). Notably, the aggravated assault count of the indictment charged Daniels with making an assault by attempting to shoot the victim (a violent injury) with a handgun (a deadly weapon). There is nothing in the aggravated assault count that charges Daniels with making an assault by placing the victim in reasonable apprehension of immediately receiving a violent injury.[3] Accordingly, the trial court properly tailored its charge to the allegation in the indictment by charging the jury with

---

[3] Daniels also contends that without this OCGA § 16-5-20 (a) (2) language, the charge failed to instruct the jury on the essential elements of the offense of aggravated assault.

just the relevant portion of the applicable simple assault statute (OCGA § 16-5-20 (a) (1)).[4] Thus, the trial court's jury charge on aggravated assault was not erroneous.

3. Daniels contends his trial counsel was ineffective, specifically claiming that his trial counsel offered to the jury his personal opinion as to Daniels's guilt regarding other crimes with which Daniels was not charged. We discern no error.

To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a criminal defendant "bears the burden of showing (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense by creating a reasonable probability that but for counsel's errors, the outcome of the trial would have been different." (Citations and footnotes omitted.) *Miller v. State*, 305 Ga. App. 620, 621 (2) (700 SE2d 617) (2010). However, "a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one." (Citation and punctuation omitted.) *Covington v. State*, 251 Ga. App. 849, 852 (2) (555 SE2d 204) (2001). "We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous." *Artis v. State*, 299 Ga. App. 287, 291 (3) (682 SE2d 375) (2009).

We conclude that Daniels cannot carry his burden of showing that his trial counsel's performance was deficient. "In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption." *Rivers v. State*, 271 Ga. 115, 117 (2) (516 SE2d 525) (1999). Here, trial counsel did not testify at the motion for new trial hearing. Under these circumstances, we presume that trial counsel's decisions constituted trial strategy. See id. In this context, trial counsel's closing argument was a trial strategy to convince the jury that the evidence proffered by the State was insufficient to prove any of the crimes with which Daniels was actually charged — i.e., armed robbery, aggravated assault, or possession of a weapon during the

---

Daniels's argument is without merit. The Supreme Court of Georgia has stated that "a victim's apprehension of receiving a violent injury is not an essential element of an assault in which it is alleged that the defendant actually attempted to commit a violent injury to the person of the victim." (Citations and punctuation omitted.) *Brinson*, supra, 272 Ga. at 347 (1).

[4] Cf. *Cantera v. State*, 289 Ga. 583 (713 SE2d 826) (2011) (discerning no error where trial court failed to instruct jury on simple assault altogether in connection with its charge on aggravated assault where simple assault did not constitute a substantive point or issue under the circumstances of that aggravated assault case).

commission of a crime. The relevant portion of trial counsel's closing argument reads as follows:

[T]he State has not proved . . . this man committed an armed robbery. They have not proved to you that he was the man clicking the gun if indeed he was the man clicking the gun. . . . [H]e may have committed the crime of theft by receiving stolen property. For all I know there's somebody out there in the woods dead that he killed. . . . He may have committed that crime but he's not charged with that. He's charged with robbing that store, clicking that gun at [the store clerk] and using a gun in commission of that robbery.

Daniels asserts that his trial counsel's comments suggested Daniels "may be guilty either of theft by receiving or . . . of an unrelated murder," and therefore rendered trial counsel ineffective. Contrary to his argument, this Court has concluded "that it was a valid trial strategy . . . for counsel to argue that while the evidence might show a lesser charged offense, the evidence did not show that his client was guilty of a greater charged offense." *Mallon v. State*, 266 Ga. App. 394, 396 (2) (597 SE2d 497) (2004). We likewise conclude here that trial counsel's point in his closing argument was that regardless of any other crimes, Daniels was not proven to be guilty of the specific crime for which he was charged. Trial counsel's argument, aimed at requesting an acquittal on the charged offenses, was a reasonable trial strategy. Accord *Paul v. State*, 257 Ga. App. 86, 87 (570 SE2d 399) (2002) ("[Defense counsel's decision] to show that the State could prove robbery, but not armed robbery . . . was a reasonable professional strategy considering the overwhelming evidence that [the defendant] stole the [victim's] pocketbook.") (punctuation omitted).

Accordingly, Daniels cannot overcome the strong presumption that his counsel rendered effective assistance.

4. In his final enumeration, Daniels argues that the trial court erred in failing to merge the offense of aggravated assault with that of armed robbery for purposes of sentencing. We agree.

Although "aggravated assault is not included in armed robbery as a matter of law, . . . it may be included as a matter of fact." (Citation and punctuation omitted.) *Young v. State*, 272 Ga. App. 304, 308 (2) (612 SE2d 118) (2005).

To determine if the aggravated assault[ ] [was a] lesser included offense[ ] of the armed robber[y], we apply the "required evidence" test set forth in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006). Under that test, we

examine whether each offense requires proof of a fact which the other does not.

(Citation and punctuation omitted.) *Long v. State*, 287 Ga. 886, 888 (2) (700 SE2d 399) (2010).

In this case, Daniels was charged with armed robbery (OCGA § 16-8-41) by use of a gun. Daniels was also charged with aggravated assault (OCGA § 16-5-21) by pointing a gun, a deadly weapon, at the store clerk and repeatedly pulling the gun's trigger. The Supreme Court of Georgia has established that aggravated assault with a deadly weapon does not require proof of a fact that armed robbery does not. *Long*, supra, 287 Ga. at 889 (2). The elements of Daniels's armed robbery charge under OCGA § 16-8-41 (a) include an intent to rob, the use of an offensive weapon, and the taking of property from the person or presence of another. See id. The elements of Daniels's aggravated assault charge under OCGA § 16-5-21 (a) include an assault upon the victim, an intent to rob, and the use of a deadly weapon. Both crimes required proof of an intent to rob. Id. at 888 (2). Moreover, the "assault upon the victim" requirement of aggravated assault is the equivalent of the "use of an offensive weapon" requirement of armed robbery, and the "deadly weapon" requirement of this form of aggravated assault is the equivalent of the "offensive weapon" requirement of armed robbery. Id. at 888-889 (2).

Thus, there is no element of aggravated assault with a deadly weapon that is not contained in armed robbery, and Daniels's aggravated assault conviction merges into his armed robbery conviction. See *Long*, supra, 287 Ga. at 889 (2). Accordingly, the conviction for and sentence imposed on the aggravated assault count is hereby vacated, and we remand this case for resentencing.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Ellington, C. J., and Doyle, J., concur.*

DECIDED JULY 6, 2011.

*Peter D. Johnson*, for appellant.
*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.