## A11A0806. HARRIS v. THE STATE.
(715 SE2d 757)

MIKELL, Judge.

Following a jury trial in the Superior Court of Clayton County, Rico Montez Harris was convicted of two counts of armed robbery, four counts of aggravated assault and two counts of possession of a weapon during the commission of a crime. Harris challenges the sufficiency of the evidence, arguing that he was improperly convicted on the uncorroborated testimony of an accomplice.[1] Because we find that the accomplice testimony was sufficiently corroborated, we

---

[11] Id. at 207 (1).

[12] Id.

[1] Harris filed his notice of appeal on June 29, 2010. However, the notice of appeal was premature because his pending motion for new trial had not yet been ruled upon by the trial

affirm Harris's convictions.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [Harris] no longer enjoys a presumption of innocence."[2] When evaluating the sufficiency of the evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[3] An appellate court does not weigh the evidence or determine witness credibility.[4]

So viewed, the record shows that on January 10, 2008, at approximately 7:30 p.m., Harris, armed with a handgun, and his co-defendant, Michael Lynch, walked into a Family Dollar store with their faces concealed and approached two cashiers, Alayna McDonald and Patricia Ann Williams. Harris held the gun up to McDonald's head, and said "[b]aby girl, you know what time it is." Understanding this to be a robbery, McDonald called the store's assistant manager to the front of the store to obtain the keys to unlock the register. McDonald unlocked the register and handed its contents to Lynch, who was standing at the counter. The two men then fled the premises, and the incident was reported to the police. The police took the witnesses' statements, and then used a canine unit to track the defendants' scent through the woods behind the store and into a nearby subdivision.

McDonald testified that although Harris had his face covered, she could tell that he was an African-American teenager, he wore black clothing and he was the taller of the two men. She testified that Lynch was a white teenager who wore a green shirt and a green skull cap.

After the police took the description of the perpetrators, Lynch was suspected as the Caucasian male. A police officer went to his home to determine if he was involved. Lynch's stepfather told the police that Lynch was not home, but that he had been wearing a green sweatshirt when he left the house earlier with a young black male.

A second robbery occurred on January 17, 2008, at approximately 2:00 p.m. at the Beauty Town Less shop ("Beauty Town"), located across the street from the Family Dollar store. Harris and Lynch, with faces concealed, entered the shop. Harris walked behind the counter, hit the cashier, Hyung Suk Kim, on the back of the head

---

court. The notice of appeal ripened on November 10, 2010 when the trial court entered an order denying the motion for new trial. See *Livingston v. State*, 221 Ga. App. 563, 564 (1) (472 SE2d 317) (1996).

[2] *Hillman v. State*, 296 Ga. App. 310-311 (674 SE2d 370) (2009).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Benbow v. State*, 288 Ga. 192, 193 (702 SE2d 180) (2010).

with his gun and demanded money. Once Kim opened the cash register, Lynch grabbed the cash inside, and both men fled. Kim followed the two men out of the store and watched them escape behind the store. Kim called the police and reviewed the store's surveillance tape with them once they arrived. Kim told the police that the person holding the gun was a young African-American male who was wearing a black sweatshirt and the other person was a young male wearing a gray sweatshirt, but he could not tell his race.

Based on the store's surveillance video, Officer David Ricks recognized Lynch from his work with the street level drug interdiction gang task force. Lynch was eventually located at the home of his girlfriend, Andrea Johnson, and was placed under arrest. Lynch was wearing blue jeans and a white tank top when the officers arrived at the house, but he had a gray sweatshirt nearby that matched the one on the surveillance tape. While Lynch was being detained, an officer drove Kim to participate in a line identification. Kim did not recognize the suspect, but did recognize the gray sweatshirt as one worn by one of the perpetrators.

Prior to charging Harris with the armed robberies, the police eventually ruled out two other African-American individuals as possible accomplices.

During his detention, Lynch confessed to the Beauty Town robbery and told the police about the robbery of the Family Dollar store. Lynch told the police that Harris was the African-American male who was also present at both robberies.

At Lynch's request, the police brought Andrea Johnson to the police station for an interview. Prior to conducting her interview, the police allowed Johnson to speak to Lynch. Their entire conversation was monitored, and Lynch did not say anything to influence Johnson's statement. Johnson gave specific information which verified Lynch's statement, such as: Harris' identity; that Harris was at her house shortly after the Beauty Town robbery; that Harris and Lynch gathered in her room and counted money on her bed; and that Harris was wearing a black sweatshirt and black jeans that day — the same clothing shown in the surveillance footage of the robbery. Johnson also told the police that Lynch admitted "he had done something wrong" with Harris at the Family Dollar store and that the robberies were Harris's idea.

The jury found Harris guilty of both robberies. Lynch, as a condition of his guilty plea, testified at trial. Lynch testified that he, Harris, and another young man were involved in the robberies at the Family Dollar store and at Beauty Town.

Harris contends that he was improperly convicted on the uncorroborated testimony of an accomplice and thus the evidence presented at trial was insufficient to support his convictions arising

from the armed robberies of the Family Dollar store or Beauty Town.

Although it is insufficient to sustain a conviction in a felony case upon the testimony of an accomplice alone under OCGA § 24-4-8,[5] such conviction can be sustained if there are "corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime or lead to the inference that he is guilty."[6] The additional evidence "may be circumstantial and it may be slight"[7] and it need "not of itself be sufficient to warrant a conviction of the crime charged."[8] "The sufficiency of [the] corroborating evidence is for the trier of fact to decide."[9] In this case, there was evidence from which a jury could find sufficient corroboration of Lynch's testimony to support Harris's convictions for both robberies.

1. As to Harris's convictions stemming from the armed robbery of the Family Dollar store, Lynch testified that Harris and a third individual came to his house to get him to participate in a robbery of the Family Dollar store because they needed money. Lynch testified that he was wearing a green sweatshirt and Harris was wearing a black sweatshirt. Harris's job during the robbery was to hold the gun and keep everybody still while Lynch took the money.

The testimony of McDonald and Williams, the victims of this robbery, corroborated Lynch's testimony. Their testimony at trial established that the second perpetrator in the Family Dollar store robbery was a young, African-American male who was wearing a black sweatshirt. This physical description of the perpetrator that McDonald and Williams provided was consistent with Lynch's testimony about what Harris was wearing that day. In addition to the physical descriptions, there was testimony from Johnson that Lynch told her he did "something wrong" with Harris at the Family Dollar store and that Harris had "initiated the pulling of the lick." Although not the strongest corroboration, the testimony of the victims and Johnson was sufficient to corroborate Lynch's testimony directly identifying Harris as the second perpetrator involved in the

---

[5] OCGA § 24-4-8 states that
[t]he testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness.

[6] (Citations and punctuation omitted.) *Matthews v. State*, 284 Ga. 819-820 (1) (672 SE2d 633) (2009).

[7] (Citations omitted.) *Benbow*, supra at 194.

[8] (Citation omitted.) *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997).

[9] (Citation omitted.) *Matthews*, supra at 820 (1).

robbery.[10] Accordingly, there is no violation of OCGA § 24-4-8, and the trial court did not err in denying Harris's motion for directed verdict as to the Family Dollar store robbery.

2. As to the convictions arising from the second armed robbery, Lynch's accomplice testimony at trial revealed that he and Harris followed the same course of action on January 17, 2008, to rob Beauty Town. Both men entered the store at the same time, Harris held the gun while Lynch took the money and exited the store first. This time, however, Lynch testified that he wore a gray sweatshirt and Harris wore the same black sweatshirt as before. This description of the men, their attire, and the order of events is corroborated by the testimony of the cashier, Kim, and the store's surveillance video.

Additionally, Johnson's testimony confirmed Lynch's testimony regarding the robbery. Johnson testified that Lynch and Harris arrived at her house shortly after the Beauty Town robbery and appeared disturbed and upset. Both men proceeded up to her room and began to count money on her bed.[11] Johnson also testified that Harris was wearing a black sweatshirt that day. Accordingly, the evidence was sufficient to sustain Harris's conviction of the robbery of the Beauty Town store.[12]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 1, 2011.

*Patricia F. Angeli*, for appellant.
*Tracy Graham-Lawson, District Attorney, Adeline N. Alexander, Lalaine A. Briones, Assistant District Attorneys*, for appellee.

---

[10] *Benbow*, supra at 194 (holding that even slight corroborating evidence is sufficient).

[11] See *McDaniel v. State*, 289 Ga. App. 722, 723 (1) (658 SE2d 248) (2008) (Evidence to corroborate testimony by a single accomplice may consist entirely of circumstantial evidence and may include defendant's conduct before and after the crime was committed).

[12] *Bearden v. State*, 275 Ga. App. 378, 380 (1) (620 SE2d 613) (2005).