**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**January 7, 2013**

# In the Court of Appeals of Georgia

A12A1846. BARNES v. THE STATE.

PHIPPS, Presiding Judge.

In connection with the robbery of a cashier at a gas station, Billy Barnes was convicted of one count of armed robbery,[1] one count of aggravated assault,[2] and two counts of possession of a firearm during the commission of a felony.[3] On appeal, Barnes contends that (1) the evidence was insufficient to support the convictions because it consisted solely of the testimony of his alleged accomplices, and (2) the court erred in imposing two sentences on the firearm possession charges when there

---

[1] OCGA § 16-8-41.

[2] OCGA § 16-5-21 (a) (1).

[3] OCGA § 16-11-106 (b) (1) (pertinently providing that any person who shall have on or within arm's reach of his person a firearm during the commission of, or attempt to commit, any crime against or involving the person of another and which crime is a felony, commits a felony).

was only one victim in the charged incident. For the reasons that follow, we affirm the conviction for armed robbery and one of the convictions for possession of a firearm during the commission of a felony.[4] We vacate the remaining firearm possession conviction[5] and remand the case for resentencing.

---

[4] At sentencing, Barnes's aggravated assault conviction merged with his armed robbery conviction. See generally *Daniels v. State*, 310 Ga. App. 562, 569 (4) (714 SE2d 91) (2011).

[5] Regarding the appellate court's authority to vacate one of the convictions despite Barnes's failure to specifically assert as error the trial court's entry of two convictions for firearm possession (his assertion concerns only the sentences imposed thereon), see *Williams v. State*, 277 Ga. 368, 369 (2) (589 SE2d 563) (2003) (although not raised at trial or on appeal, the conviction and sentence imposed on one of two firearm possession charges were vacated because both charges were based on the continuous possession of one gun against one victim); *Thomas v. State*, 257 Ga. 24, 25 (4) (354 SE2d 148) (1987) (while not enumerated as error, the conviction and sentence for felony murder was vacated, as appellant was found guilty of the malice murder of the same victim).

1. Barnes contends that the evidence was insufficient to support the convictions because the state relied solely on the testimony of his alleged accomplices.[6] This contention is without merit.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The jury, not this [c]ourt, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts.[7]

---

[6] Count 1 pertinently charged Barnes with the offense of armed robbery, for having unlawfully, with intent to commit theft, taken property from the immediate presence of the victim by use of a shotgun. Count 2 pertinently charged Barnes with aggravated assault, for having unlawfully, with intent to rob, made an assault upon the victim (the same victim named in Count 1) by pointing a shotgun and a rifle in her direction. Count 3 pertinently charged Barnes with possession of a firearm during commission of a felony, for having unlawfully had on and within arm's reach of his person a firearm (to wit, a shotgun), during the commission of a felony (to wit, robbery). Count 4 pertinently charged Barnes with possession of a firearm during the commission of a felony, for having unlawfully had on and within arm's reach of his person a firearm (to wit, a rifle), during the commission of a felony (to wit, robbery).

[7] *Robinson v. State*, 314 Ga. App. 545, 546 (724 SE2d 846) (2012) (footnote omitted).

3

Viewed in the light most favorable to the prosecution,[8] the evidence showed the following. On the night of January 12, 2009, three masked men, two of whom had guns, entered a BP gas station (the store). One of the men pointed a gun at the cashier and demanded money; the cashier described the guns as having long barrels, and opined that the guns were probably shotguns. The men grabbed money from the register and several packs of cigarettes, and ran out of the store. Seconds before the robbery occurred, a silver vehicle occupied by several males was driven through the store's parking lot; it was driven very slowly, circled the parking lot, then parked; after the robbery, the vehicle left.

Responding to a 911 call, police officers arrived at the store and, during their investigation, found on the ground outside the store a pack of Newport cigarettes. A crime lab analysis revealed Larry Garard's fingerprints on the cigarette pack.

On January 15, 2009, officers initiated a traffic stop of a silver passenger vehicle registered to Tahje Williams; Garard was the driver. Barnes, Garard, Williams and three other individuals were in the vehicle. Officers found a shotgun in the trunk.

Garard and Williams were arrested, after which they gave the police statements implicating Barnes in connection with the January 12 robbery. Garard and Williams

[8] *James v. State*, 316 Ga. App. 406 (730 SE2d 20) (2012).

both pled guilty to charges of armed robbery and possession of a firearm during the commission of a felony in connection with the incident. The state called both men as witnesses at Barnes's trial.

Garard testified that on January 12, 2009, he, Williams and Talore Blackford traveled to Barnes's house in Williams's four-door silver vehicle; Blackford brought a shotgun and a rifle to use in the robbery; Barnes, Garard, Williams and Blackford traveled in Williams's vehicle to the store; Barnes, Garard and Williams entered the store, while Blackford waited outside in the parked vehicle; inside the store, Barnes and Garard had the guns; Garard grabbed money and packs of Newport cigarettes, dropping a pack of the cigarettes; and Garard left one of the guns used in the robbery in Williams's vehicle. Garard testified that the shotgun the officers later found in Williams's vehicle was the gun he had used in the robbery.

Williams testified that on or about January 12, 2009, he committed the robbery, and that Barnes, Garard, and Blackford were with him; that day, Williams had gone with Garard and Blackford to Barnes's house, where they picked Barnes up in Williams's silver vehicle; Blackford brought a shotgun and a rifle to use in the robbery; Barnes, Garard and Williams entered the store; Barnes and Garard each had a gun; Garard obtained the shotgun from Blackford; Garard took money and

5

cigarettes during the robbery; and, after the robbery, Blackford drove the vehicle away from the store. At trial, Williams identified the shotgun found in his vehicle during the traffic stop as one used in the robbery. Also at trial, both Garard and Williams identified themselves and Barnes as the men shown in store surveillance photographs entering the store and committing the robbery.

Barnes testified on his own behalf, stating that he had "nothing to do with" the robbery. He testified that Garard, Williams, and Blackford came to his house on the night of January 12, 2009; but that when the men left, he stayed home and went to sleep.

Barnes asserts that the evidence was insufficient because there was no physical evidence implicating him, and that the case against him was based solely on the self-serving and contradictory testimony of his alleged accomplices.

"A defendant may not be convicted on the uncorroborated testimony of an accomplice; however, only slight evidence of a defendant's identity and participation from an extraneous source is required to corroborate the accomplice's testimony and support the verdict."[9] If the testimony of one accomplice is supported by the

---

[9] Id. at 408 (1) (footnote omitted).

testimony of another accomplice, the evidence is sufficient to sustain a conviction.[10]

The jury generally determines the weight of the corroborating evidence;[11] whether the corroborating evidence is sufficient to convict is peculiarly a matter for the jury.[12]

Garard and Williams corroborated one another's testimony in several respects, as set out in detail above. Further, the testimony of both accomplices was corroborated by other evidence, such as Barnes's testimony that Garard, Williams and Blackford were at his house the night of the robbery.[13] A jury could have found sufficient corroboration of the accomplice testimony to support Barnes's convictions for armed robbery and firearm possession.[14]

---

[10] See *Sims v. State*, 306 Ga. App. 68, 70-71 (1) (701 SE2d 534) (2010); *Clark v. State*, 294 Ga. App. 331, 333 (670 SE2d 131) (2008).

[11] *Floyd v. State*, 272 Ga. 65, 66 (1) (525 SE2d 683) (2000).

[12] *Mullins v. State*, 257 Ga. App. 40, 41 (570 SE2d 357) (2002).

[13] See *Moore v. State*, 245 Ga. App. 641, 643 (1) (537 SE2d 764) (2000) (the accused's own statement can serve to corroborate the accomplice's inculpatory testimony).

[14] See *Harris v. State*, 311 Ga. App. 336, 339 (715 SE2d 757) (2011); *Watson v. State*, 308 Ga. App. 871, 874-875 (1) (708 SE2d 703) (2011); see generally *Kegler v. State*, 317 Ga. App. 427, 431-432 (1) (b) (731 SE2d 111) (2012).

2. Barnes was charged with, convicted of, and sentenced on two counts of possession of a firearm during the commission of a felony.[15] Each of the firearm possession counts in the indictment referred to one of the two firearms possessed during the commission of the robbery of the cashier.[16]

As the state concedes in its brief, Barnes cannot be convicted and sentenced for two firearm possession counts when there was only one victim.[17] Because, under the circumstances presented, Barnes can be convicted and sentenced only once for possession of a firearm during the commission of a felony, the conviction for and sentence imposed on one of the two firearm possession counts is vacated.[18] The case is remanded for resentencing.

---

[15] OCGA § 16-11-106 (b) (1).

[16] See n. 6, supra.

[17] See *Stovall v. State*, 287 Ga. 415, 420-421 (5) (696 SE2d 633) (2010) (Court vacated conviction and sentence imposed on one of two firearm possession charges where defendant and his brother each used a firearm while they committed multiple crimes together, but there was only one victim); *Abdullah v. State*, 284 Ga. 399, 401 (4) (667 SE2d 584) (2008) (Court vacated one of two firearm possession convictions because there was only one victim); *Taylor v. State*, 282 Ga. 693, 697-698 (3) (653 SE2d 477) (2007).

[18] *Stovall*, supra; *Abdullah*, supra; *Taylor*, supra.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Ellington, C. J., and Dillard, J., concur.*