A04A0019. MALLON v. THE STATE.
(597 SE2d 497)

ADAMS, Judge.

In *Mallon v. State*, 253 Ga. App. 51 (557 SE2d 409) (2001), we affirmed William Daniel Mallon's convictions for aggravated assault,

terroristic threats, and battery and remanded the case for a hearing on Mallon's claim of ineffective assistance of counsel. On remand, the trial court rejected Mallon's contentions that he did not receive effective assistance of counsel. Mallon appeals, and we again affirm.

Mallon contends that his trial counsel was ineffective in (1) failing to advise him of his right to a jury trial, (2) admitting his guilt as to the terroristic threats and battery charges without adequate consent to do so, and (3) failing to prepare witnesses and failing to prepare for sentencing. Mallon also claims ineffective assistance of appellate counsel in his previous appeal.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). "[E]rrors in judgment and tactical errors do not constitute denial of effective assistance of counsel." (Citations and punctuation omitted.) *Powell v. State*, 210 Ga. App. 409, 413 (6) (437 SE2d 598) (1993). The burden was on Mallon to show his counsel's performance was deficient and prejudicial. *Rickman v. State*, 277 Ga. 277, 281 (4) (587 SE2d 596) (2003).

1. Mallon contends that his trial counsel failed to advise him of his rights to a jury trial, and that trial counsel's failure to do so was ineffective assistance and affected the outcome of the case.[1] We disagree.

Mallon waived his right to a jury trial by signing the indictment forms with the written provision that the defendant "waives intervention by the jury." Mallon claims that his trial counsel did nothing more to explain the benefits of a jury trial. However, at the hearing to determine if Mallon received ineffective assistance of counsel, Mallon's trial counsel testified that he met with Mallon alone, and then with both Mallon and Mallon's father, before the trial. Trial counsel

---

[1] We note that Mallon's appellate brief contains almost no record or transcript references to what is a fairly substantial nine-volume appellate record. Under Court of Appeals Rule 27 (c) (3), enumerations of error are to be supported by specific references to the record or transcript.

told Mallon that in his opinion, based on the "not pleasant" photographs of the victim's injuries, the trial court "would [be] a less impassioned arbiter or judge of the case than a jury would." According to trial counsel, Mallon "seemed to grasp" his advice.

Mallon contends that because of his mental illness, a reasonable attorney would have gone to much greater lengths to ensure that Mallon understood the rights he was giving up by choosing a bench trial. Mallon was diagnosed as manic depressive and was institutionalized after his arrest and before trial. According to trial counsel, he explained to Mallon that a jury was likely to convict him on all counts, and that a judge was more likely to understand the technical issues in the case. Trial counsel explained this to Mallon both before and after Mallon began treatment for his mental illness. As we noted above, trial counsel also gave advice to both Mallon and Mallon's father and testified that "I wanted his daddy to be there so he could understand it if Danny had questions that he couldn't ask me he could ask his daddy." Based on the foregoing, we cannot say that the nature of Mallon's mental illness made trial counsel's professional assistance unreasonable under the circumstances. The trial court did not err in concluding that Mallon failed to carry his burden of showing that his counsel's performance was deficient insofar as the decision to pursue a bench trial rather than a jury trial. See *Marshall v. State*, 253 Ga. App. 645, 646 (560 SE2d 118) (2002) (counsel's advice that a bench trial would be preferable to a jury trial fell within the wide range of reasonable professional assistance).

2. Mallon claims that his trial counsel was ineffective in making opening statements in which trial counsel, notwithstanding Mallon's pleas of not guilty, effectively admitted Mallon's guilt as to the terroristic threats and battery charges without consent from Mallon to do so. Mallon's trial counsel testified that his trial strategy was to "minimize" the state's case, and that he shared this strategy with Mallon. Counsel told Mallon that Mallon was going to be found guilty of something, but that he hoped it would be battery. Trial counsel also testified that "the terroristic threats occurred in a telephone call that Danny placed to his wife with the police officer listening in to the conversation[,] and I told Danny going in that that basically was indefensible and we would all but admit that."

Trial counsel's conduct raises two issues. As to whether trial counsel's conduct was objectively unreasonable, we conclude that it was a valid trial strategy, especially in the context of a bench trial, for counsel to argue that while the evidence might show a lesser charged offense, the evidence did not show that his client was guilty of a greater charged offense. See *Paul v. State*, 257 Ga. App. 86, 87 (570 SE2d 399) (2002).

The second issue is whether Mallon was deprived of his right to counsel where trial counsel independently admitted Mallon's guilt on the battery and terroristic threats charges. For authority on this point, Mallon refers us to *State v. Carter*, 270 Kan. 426 (14 P3d 1138) (2000). *Carter* was not decided under Georgia law but does include a discussion of the issues raised under the United States Constitution where an attorney in opening argument admits that his client has committed a crime even though the client expressly disagrees with his attorney's strategy in making such an admission. Unlike *Carter*, Mallon does not show by reference to the record that his trial counsel acted over his express objection or even without his approval. The only showing made by Mallon that counsel acted without his permission is Mallon's trial testimony that when he told the victim, "I could kill you for calling the police," he did not mean it. In our view, this testimony only shows that Mallon contended that he did not actually intend to kill his wife — it does not demonstrate that trial counsel admitted Mallon's guilt on the terroristic threats charge without his approval. We find that, with respect to Mallon's claim that his counsel was ineffective by effectively admitting his guilt on the battery and terroristic threats charges, the trial court did not err in finding that Mallon failed to carry the burden of showing his counsel was ineffective.

3. Mallon claims his trial counsel was ineffective in that he failed to prepare his witnesses to testify. Mallon contends that trial counsel called his mother and father to the stand without warning them that they would be called to testify, and that counsel made no effort to prepare Mallon for trial. Mallon also claims trial counsel failed to use Mallon's medical records as a source of positive and mitigating evidence to support a request for a lower sentence.

Mallon's claim that counsel failed to prepare him for trial is not supported by reference to the record. From our independent review of the transcript of the post-remand hearing, it appears counsel spoke with Mallon in June 2000, but did not meet with him again until the trial in July 2000. Trial counsel testified that he discussed the questions he would be asking Mallon "in a general way" at the June meeting. We cannot say this amount of preparation was objectively unreasonable, but even if counsel was shown to be ineffective in preparing Mallon to testify, Mallon does not show that but for counsel's failure there was a reasonable probability the outcome of the trial would have differed.

Mallon's other arguments as to his counsel's unpreparedness involve the sentencing portion of the trial. See *Gaither v. Cannida*, 258 Ga. 557, 558-559 (2) (372 SE2d 429) (1988). At the post-remand hearing, Mallon's father stated that he had not been prepared by counsel to testify. When asked what he would have told the court had

he been prepared to testify, Mallon's father responded that, "I would have said something that he is a person that deals with humor and he loved children. He loves pets. He was a hard worker and basically was truthful." Mallon's mother also stated at the post-remand hearing that counsel had not prepared her to testify at trial. She stated that, if she had been prepared to testify, she would have told that court how she had looked into treatment programs for her son, and that Mallon had not been violent before he became involved in drugs. Based on the foregoing, we conclude that even if counsel had been objectively unreasonable in failing to prepare these witnesses, there was no reasonable probability that the outcome of the sentencing portion of the case would have differed but for counsel's deficient performance.

Mallon also contends that his medical records should have been used by trial counsel as positive and mitigating evidence to support a request for a lower sentence. However, our review of counsel's argument to the trial court shows that counsel refers to Mallon's diagnosis with bipolar disorder and chemical dependence on drugs and the psychiatrist's report indicating the condition could be treated. Mallon also argues that counsel was unprepared for the sentencing phase because counsel failed to mention that Mallon was a high school graduate with two years of college; had a tree service business with several employees; and had no history of violence prior to his use of alcohol or drugs. Again, our review of the transcript shows otherwise — counsel's argument to the trial court referenced Mallon's business and lack of criminal record, and the extent of Mallon's education was not necessarily relevant. Accordingly, with respect to Mallon's claim that his counsel was not prepared for the sentencing phase of the trial, the trial court did not err in finding that Mallon failed to carry his burden of showing trial counsel's performance was deficient.

4. Mallon claims he received ineffective assistance of appellate counsel in the initial appeal of this case, *Mallon v. State*, 253 Ga. App. at 51, because appellate counsel did not enumerate as error that Mallon failed to knowingly, intelligently, and voluntarily waive his rights to a jury trial. Mallon admits that this court is the wrong venue for this argument. "Habeas corpus is the exclusive post-appeal procedure available to a criminal defendant who asserts the denial of a constitutional right. OCGA § 9-14-41." *State v. Smith*, 276 Ga. 14, 15 (1) (573 SE2d 64) (2002). Mallon nevertheless asserts his claim of ineffective assistance of appellate counsel because he anticipates that the state will not appoint counsel if he pursues the habeas corpus action. We cannot consider Mallon's claim of ineffective assistance of appellate counsel because "[t]his Court is a court of review for the correction of errors made by the trial court," *Jett v. State*, 246 Ga. App.

429, 430 (2) (540 SE2d 209) (2000), and we are without original jurisdiction to consider whether appellate counsel was ineffective in the prior appeal.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED MARCH 19, 2004.

*Christopher T. Adams*, for appellant.
*Daniel J. Porter, District Attorney*, for appellee.