**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 10, 2012**

# In the Court of Appeals of Georgia

A12A0699. CORDY v. THE STATE.

MIKELL, Presiding Judge.

Toi Cordy, convicted by a jury of driving under the influence of alcohol, less safe,[1] appeals, contending that the evidence was legally insufficient and that the trial court erred in not giving one of her requested jury charges. Finding no error, we affirm.

1. We first consider the legal sufficiency of the evidence.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only

---

[1] OCGA § 40-6-391 (a) (1).

determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[2]

So viewed, the evidence was that, on December 5, 2010, around 8:00 p.m., Giovanny Aponte had gotten off work and was driving on Highway 92 off Fulton Industrial Parkway in Fulton County when he came up behind a silver Taurus in the left lane going slower than he was. Aponte was pulling into the right lane when the Taurus started into that lane without signaling, forcing Aponte to slam on his brakes to avoid a collision. Aponte called Fulton County 911 to report the incident and continued to follow the Taurus. Because they were approaching the Douglas County line, Fulton County transferred the call to Douglas County, which took over. While following the Taurus in Douglas County, Aponte observed it crossing over the center line into oncoming traffic with both left tires crossing entirely over the center line. Aponte observed this happen at least ten times. Aponte also observed the car's speeds vary from 30 to 55 mph for no apparent reason. Aponte followed the Taurus until he saw it being pulled over by a Douglas County Sheriff's car.

---

[2] (Citations and punctuation omitted.) *Bierria v. State*, 232 Ga. App. 622, 624 (1) (502 SE2d 542) (1998).

Douglas County Sheriff's Deputy Mark Matthews, responding to the be-on-the-lookout call for an early 2000 silver Taurus with a paper tag, pulled over Cordy's Taurus. He identified Cordy as the driver of the Taurus. According to Deputy Matthews, the Taurus was champagne in color, but was one of those paint jobs that looked different colors in different light. When asked by Deputy Matthews for her license and registration, Cordy appeared confused and moved very slowly and had to be asked several times for the documents. At one point, Cordy took her wallet out of her purse, opened it up, looked at her driver's license, closed her wallet, and put it down. Asked if she had been drinking or taking medication, Cordy said no. When Deputy Matthews asked Cordy to get out of the car, she stumbled twice and had to put her hand on the car to steady herself. Asked if she had trouble with her legs, Cordy responded that she "needed to pee." When she got out of the car, Deputy Matthews asked Cordy again if she had been drinking and she said she had been and she had had two or three drinks. Because he was not equipped with an alco-sensor, Deputy Matthews radioed for Deputy Michael Long to come administer that test. Deputy Long administered the test and Cordy tested positive for alcohol. Deputy Long also smelled the odor of alcohol on Cordy's breath. Cordy also told Deputy Long she had had two drinks and also said she thought she was in Gwinnett County.

3

Cordy was arrested and advised of the implied consent law. Asked if she understood it, Cordy did not respond. She was readvised of the implied consent law at the jail and, in response, said she "needed to pee." Cordy did not ever agree to take the state administered test.

In order to prove DUI less safe, "the state must prove that the defendant had impaired driving ability as a result of drinking alcohol."[3] We conclude that the evidence was sufficient to authorize the jury to find Cordy guilty beyond a reasonable doubt of DUI less safe.[4]

2. Cordy contends that the trial court's failure to give a portion of one of her requests to charge was reversible error.

"In reviewing an allegedly erroneous jury instruction, this Court applies the plain legal error standard of review."[5]

The requested charge stated that

I further charge you that standing alone, the mere fact of a person's having refused an officer's request to take a chemical test is not in and

---

[3] (Punctuation and footnote omitted.) *Crusselle v. State*, 303 Ga. App. 879, 881 (1) (694 SE2d 707) (2010).

[4] Id.

[5] (Punctuation and footnote omitted.) *Crusselle*, supra at 882 (2).

of itself determinative of the issue of whether the person was or was not under the influence alcohol. There may be other legal consequences of a civil nature against a person for the refusal, but *there is no inference in law that a person must be intoxicated simply because he chooses to exercise his legal right to refuse to submit to an optional test*. (Emphasis supplied.)

Where written requests to charge are "either inaccurate, inapt, incorrect, argumentative, or covered in the charge as given by the trial court, the court [does] not err in not giving the instructions as requested."[6]

We find that the italicized portion of the request is inaccurate and argumentative and that the charge as given by the trial court accurately covered the substance of Cordy's request.[7]

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

---

[6] *McKinney v. State*, 121 Ga. App. 815, 816 (3) (175 SE2d 893) (1970). See also *Walker v. State*, 282 Ga. 406, 408 (2) (651 SE2d 12) (2007) ("The refusal to give a requested charge is error only where the request made is a correct statement of law that is pertinent and material to an issue in the case and contains information that is not substantially covered by the charge actually given.") (citation omitted.)

[7] *Crusselle*, supra.

5