**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 20, 2014**

# In the Court of Appeals of Georgia

A13A2348. FLETCHER v. THE STATE.

McFADDEN, Judge.

Christopher Fletcher appeals his convictions of robbery by intimidation, aggravated sodomy, and aggravated assault. He also undertakes to appeal his conviction of possession of a knife during the commission of a felony (armed robbery). But the sentencing sheet shows that Fletcher was not convicted of possession of a knife during the commission of a felony and instead was granted a directed verdict on that count. His arguments relating to that charge are therefore moot.

As for the robbery by intimidation, aggravated sodomy, and aggravated assault convictions, Fletcher argues that trial counsel was ineffective. But trial counsel's decision to concede certain facts was reasonable. Fletcher argues that the trial court

erred by delaying its ruling on Fletcher's directed verdict motion until the close of the evidence and that the assistant district attorney improperly commented on the victim's veracity during the closing argument. Fletcher waived these arguments, however, because he failed to object at trial. Fletcher argues that the trial court should have granted directed verdicts on three counts of the indictment, but we find that the trial court did not err as to two of them, and, as noted, a directed verdict was granted on the possession of a knife during an armed robbery count. We also find that the evidence is sufficient to support the robbery by intimidation, aggravated sodomy, and aggravated assault convictions. We therefore affirm the convictions.

1. *Sufficiency of the evidence.*

On appeal from a criminal conviction,

> the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Cordy v. State*, 315 Ga. App. 849 (1) (729 SE2d 13) (2012) (citation omitted).

Viewed in this light, the evidence showed that Shoko Williams worked at Ocha's Beauty Supply. On March 13, 2007, Williams was the only person working at the store. A man, whom Williams identified at trial as Fletcher, twice entered the store and asked to use the telephone. After Fletcher used the telephone the second time, he pulled a knife from his pocket and threatened to kill Williams if she did not do what he said. He told Williams that he had not had a woman in a long time and demanded that she remove her pants. Williams refused and grabbed the knife from Fletcher. Williams and Fletcher struggled over the knife, and Williams broke off the blade and threw it behind a chair. Fletcher then began choking Williams, still demanding that she remove her pants. Fletcher succeeded in removing Williams' pants and demanded that she open her legs. She refused and continued fighting. Fletcher then demanded that Williams perform oral sex on him. Williams agreed because she thought she had no other way out of the situation. Afterwards, Fletcher threatened to kill Williams if she told anyone about what happened. He also demanded money, jewelry and other merchandise from the store, as well as the video recording from the security camera. Fletcher was arrested a short time later, and he had in his possession merchandise from the beauty supply store. Fletcher testified at trial and admitted putting Williams in a

3

head lock and demanding money, jewelry and merchandise, but he claimed that the oral sex was consensual. This evidence was sufficient to support Fletcher's convictions of robbery by intimidation, aggravated sodomy, and aggravated assault, and those convictions are affirmed.

2. *Trial counsel was not ineffective*.

To prevail on his claim of ineffective assistance of counsel, Fletcher was required to show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). If Fletcher "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted).

Fletcher argues that trial counsel was ineffective because he admitted in his opening statement and in his closing argument that the incident happened. Counsel conceded that the evidence would show that Fletcher put Williams in a head lock and demanded money and merchandise. But, he argued, whether the acts that occurred constituted the crimes as charged was a question for the jury. He

4

argued in his closing argument that the evidence showed robbery by intimidation, not armed robbery.

Defense counsel testified at the motion for new trial hearing that he made these arguments because the evidence was strong: Williams identified Fletcher in a photographic lineup; Fletcher was arrested within hours of the incident and had the store's merchandise in his possession; and Fletcher gave a statement to police admitting his involvement. Moreover, Fletcher himself testified at trial that he robbed Williams by putting her in a head lock. Counsel testified that by making certain concessions, he believed he would develop credibility with the jury and that he hoped to remove the "armed" element of the robbery charge from the jury's consideration. Fletcher has not shown that this amounted to a deficient performance. See *Franks v. State*, 278 Ga. 246, 255 (2) (B) (1) (599 SE2d 134) (2004) (counsel's strategy of conceding commission of acts but not the requisite mental state was not unreasonable, given overwhelming evidence); *Paul v. State*, 257 Ga. App. 86, 87 (570 SE2d 399) (2002) (given overwhelming evidence of theft, trial counsel's strategy of showing state could prove robbery but not armed robbery was reasonable); see also *Mallon v. State*, 266 Ga. App. 394, 396 (2) (597 SE2d 497) (2004) (bench trial strategy of showing that evidence established lesser

5

charged offense but not greater charged offense was reasonable). Consequently, Fletcher's ineffective assistance of counsel claim fails.

3. *The delay in ruling on Fletcher's directed verdict motion.*

Fletcher argues that the trial court erred by deferring its ruling on his motion for directed verdict. But Fletcher did not object at trial to the court's decision to defer its ruling, and he has therefore waived any error. *See Mathis v. State*, 204 Ga. App. 896, 899 (3) (420 SE2d 788) (1992). In any event, "[w]e are unaware of any authority which does not permit the court to reserve ruling on a motion for a directed verdict of acquittal and rule upon it [before the case goes to the jury]." *Ballentine v. State*, 194 Ga. App. 560, 561 (4) (390 SE2d 887) (1990).

4. *The trial court did not err by denying the motion for directed verdict on the armed robbery and aggravated assault counts of the indictment.*

(a) *Armed robbery.*

Fletcher argues that the trial court should have granted a directed verdict on the armed robbery charge because Williams had broken and discarded the knife before Fletcher took any property. Because Fletcher was acquitted of the armed robbery charge and instead convicted of the lesser included offense of robbery by intimidation, the issue of whether the trial court erred in failing to direct a verdict

6

of acquittal on the armed robbery charge is moot. *Thomas v. State*, 253 Ga. App. 58, 63 (4) (557 SE2d 483) (2001).

Fletcher also argues that the trial court should have granted a directed verdict on the armed robbery charge because the indictment listed the victim as Ok Cha while the evidence showed the victim was actually Ocha Mobley's Beauty Supply. We find, however, that he waived this argument because

> a claim that an indictment improperly identifies the victim is a challenge to the form of the indictment, and it has long been held that if the charging instrument is void for any reason, the challenge should have been raised by demurrer before pleading to the merits, or by motion in arrest of judgment after conviction. This was not done. It follows that [Fletcher] has not preserved this issue for review.

*Strozier v. State*, 277 Ga. 78, 80 (3) (586 SE2d 309) (2003) (citations and punctuation omitted).

(b) *Aggravated assault.*

Fletcher argues that the trial court should have granted his motion for a directed verdict on the aggravated assault count because there was a fatal variance between the indictment, which charged that he used his hands to choke the victim, and the proof, which showed that he used his arms to choke her. "The general rule

7

that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." *De Palma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969) (citation omitted). The variance here did not subject Fletcher to either of these dangers.

We do not "employ an overly technical application of the fatal variance rule, focusing instead on materiality. . . . Although the evidence differed somewhat from the allegation in the indictment, we find no material difference." *Kay v. State*, 306 Ga. App. 666, 669 (3) (703 SE2d 108) (2010) (citations omitted). See also *Lawson v. State*, 278 Ga. App. 852, 853-854 (2) (630 SE2d 131) (2006) (variance between indictment which charged defendant with aggravated assault with the use of a knife, and proof, which showed he used a box cutter, was not fatal).

5. *Fletcher did not object to the state's closing argument.*

Fletcher argues that the assistant district attorney improperly commented on Williams' veracity during his closing argument. But "[Fletcher] did not object, and

8

he has therefore waived this argument. Moreover, [he] cites no authority supporting the application of plain error review in this context." *Johnson v. State*, 288 Ga. 803, 807-808 (5) (708 SE2d 331) (2011) (citation omitted). Indeed, he does not even argue for plain error review.

6. *Mootness.*

Fletcher's challenges to his conviction of possession of a knife during the commission of a felony (armed robbery) are moot. The sentencing sheet shows that Fletcher was not convicted of possession of a knife during the commission of a felony and instead was granted a directed verdict on that count. See *Brown v. State*, 243 Ga. App. 632, 634 (4) (534 SE2d 98) (2000). We observe that the trial court orally denied Fletcher's motion for a directed verdict on that count and orally pronounced a five-year, consecutive, probated sentence on that count. But "[i]t is the sentence signed by the judge, not his oral declaration, that is the sentence of the court." *Bell v. State*, 294 Ga. 5, 8-9 (2) (749 SE2d 672) (2013). Therefore, Fletcher was granted a directed verdict on the possession of a knife count, and his challenges to that count are moot.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*