# Court of Appeals
# of the State of Georgia

ATLANTA,  July 25, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0402. RAISSA D. KENGNE v. THE STATE.**

Raissa D. Kengne, proceeding pro se, filed a document with this Court titled "New Case Filing Pursuant to OCGA § 5-6-34 (b) Direct Appeal Bypassing the Trial Court," which has been docketed as an application for discretionary appeal. From the application materials submitted, it appears Kenge is facing criminal prosecution. According to Kengne, she is being "fraudulently" represented by an attorney below, who has filed "motions that are negatively impacting [her] personal life[.]"[1] Kengne is thus seeking a direct appeal in this Court pursuant to OCGA § 5-6-34 (b), and she requests that we judicially review how her case has been handled by the trial court. We cannot give Kengne the relief she seeks.

The Court of Appeals is a court of review for the correction of errors made by the trial court; we are without original jurisdiction to consider arguments in the first instance. See *Mallon v. State*, 266 Ga. App. 394, 398-399 (4) (597 SE2d 497) (2004). Furthermore, before a trial court's ruling may be appealed, it must be reduced to writing, signed by the judge, and filed with the trial court clerk. See OCGA § 5-6-31; *Rocha v. State*, 287 Ga. App. 446, 447 (1) (a) (651 SE2d 781) (2007).

The only order Kengne included with her application is a May 25, 2023, order

---

[1] To the extent that Kengne's filings suggest she is represented by counsel below, we note that a criminal defendant ordinarily does not have the right to represent herself while also being represented by counsel, although a trial court may, in limited circumstances, allow such hybrid representation. See *Johnson v. State*, 315 Ga. 876, 890 (4) (885 SE2d 725) (2023).

in which the trial court directed Kengne to undergo an evaluation of her competency to stand trial. Under OCGA § 5-6-34 (b), Kengne may request interlocutory review of that order. To do so, however, Kengne was required to obtain a certificate of immediate review from the trial court within ten days of entry of the order. See OCGA § 5-6-34 (b). The procedural requirements of OCGA § 5-6-34 (b) are jurisdictional, and we cannot consider an application in which the requirements were not met. See *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019) ("'The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.'")

Because Kengne has not included a certificate of immediate review with her filing, we lack jurisdiction to consider the propriety of the trial court's May 2023 order. Accordingly, this application is hereby DISMISSED.



Court of Appeals of the State of Georgia
   Clerk's Office, Atlanta,___07/25/2024_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*